# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LINWOOD CARLTON FARMER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:11CV01547 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion, the Court will order the movant to show cause as to why the Court should not dismiss the instant motion as time-barred.

On January 28, 2009, movant pled guilty to conspiracy to defraud the United States and aggravated identity theft. On June 5, 2009, the Court sentenced movant to a prison term of eighty-four months to be followed by three years of supervised release. Movant did not appeal. Movant filed the instant § 2255 motion on August 30, 2011.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal

expires.  Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005).  In this case, the judgment became final on June 21, 2010.  Fed. R. App. P. 4(b)(1).  As a result, the limitations period expired over one year ago.

Accordingly,

**IT IS HEREBY ORDERED**  that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred.  Movant's failure to timely respond to this Order will result in the denial of the instant motion and the dismissal of this action.

So Ordered this 23rd day of September, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE