UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINWOOD CARLTON FARMER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:11CV01547 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On September 23, 2011, the Court ordered movant to show cause no later than October 23, 2011, why his § 2255 motion should not be dismissed as time-barred. Movant has not replied the Court's order. As a result, the Court will dismiss this action without further proceedings.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>   (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On January 28, 2009, movant pled guilty to conspiracy to defraud the United States and aggravated identity theft. On June 5, 2009, the Court sentenced movant to a prison term of eighty-four months to be followed by three years of supervised release. Movant did not appeal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on June 19, 2009. Fed. R. App. P. 4(b)(1). Movant filed the instant § 2255 motion on August 30, 2011, which is well after the limitations period expired. As a result, this action is time-barred, and the Court will dismiss it.

Furthermore, the Court will not issue a certificate of appealability. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). In this instance, petitioner was given the opportunity to argue for equitable tolling but failed to do so. Petitioner has failed to demonstrate that reasonable jurists could conclude that this action is not barred by the limitations period, and therefore, petitioner is not entitled to a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 8th day of November, 2011.

  *[signature]*
  ―――――――――――――――――――
  E. RICHARD WEBBER
  SENIOR UNITED STATES DISTRICT JUDGE