# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LINWOOD CARLTON FARMER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:11CV01547 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion for relief from judgment under Rule 60(d)(3) of the Federal Rules of Civil Procedure. The motion is without merit.

On January 28, 2009, movant pled guilty to conspiracy to defraud the United States and aggravated identity theft. On June 5, 2009, the Court sentenced movant to a prison term of eighty-four months to be followed by three years of supervised release. Movant did not appeal. Movant brought this § 2255 action in September 2011. On November 8, 2011, the Court dismissed the motion to vacate as time barred. Movant did not apply for a certificate of appealability with the Court of Appeals.

In the instant motion, movant claims that the government committed fraud on the Court when it failed to advise him of the Supreme Court's decision in Flores-Figueroa v. United States, 556 U.S. 646 (2009), before he pled guilty in January 2009. In Flores-Figueroa, the Court held that, in order to convict defendant of aggravated identity theft for "knowingly transfer[ring], possess[ing], or us[ing], without lawful authority, a means of identification of another person," government must prove that defendant knew that "means of identification" he or she unlawfully transferred, possessed, or used did, in fact, belong to another person. 556 U.S. at 647 (quoting

18 U.S.C. § 1028A(a)(1). Movant argues that if he knew about the Flores-Figueroa decision, he would not have pled guilty. Flores-Figueroa was argued on February 25, 2009, and it was decided on May 4, 2009.

Rule 60 motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either raise a new ground for relief or attack a federal courts previous resolution of a claim on the merits. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) ("Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."). Before movant may file an action in this Court attacking the validity of his sentence, he must first obtain permission from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2255(h). Because movant does not have permission from the appeals court, the Court will summarily dismiss this action. 28 U.S.C. § 2255 Rule 4.

Additionally, movant's claim is meritless. The government does not have a duty to disclose changes in case law to criminal defendants. And even if it did, the decision in Flores-Figueroa was handed down after movant pled guilty.

Finally, in his plea agreement, movant waived the right to bring any postconviction motion except for ineffective assistance of counsel or prosecutorial misconduct. So this action is barred by the waiver.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for relief from judgment [ECF No. 10] is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

So Ordered this 16th day of September, 2014.

_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE